UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MOHAMED Z. ALSAIDI and
AMIGOS GROCERY AND CANDY STORE CORP.,

                                            Plaintiffs,               COMPLAINT

                                                                         Case No.: 1:21-cv-

              -against-

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF AGRICULTURE,
FOOD AND NUTRITION SERVICE,

                                            Defendants.
-----------------------------------------------------------x

        The Plaintiffs, MOHAMED Z. ALSAIDI and AMIGOS GROCERY AND CANDY STORE CORP., by their attorney, JESS M. BERKOWITZ, ESQ., complaining of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, in the above-entitled action, respectfully allege as follows:

        1. Jurisdiction over this cause of action is founded under Section 14 of the Food and Nutrition Act of 2008 (7 U.S.C. §2023) and Section 279.7 of the Regulations of the United States Department of Agriculture, Food and Nutrition Service (7 CFR § 279.7).

        2. The Plaintiff, MOHAMED Z. ALSAIDI, is a resident of the County of Bronx, City and State of New York and submits his Declaration of Plaintiff attached hereto.

        3. The Plaintiff, AMIGOS GROCERY AND CANDY STORE CORP., is a corporation duly organized in the State of New York, with its principal place of business located at No. 760 Allerton Avenue, Bronx, New York, 10467 wherein it owns and operates a retail grocery/convenience store.

4. The Plaintiff, MOHAMED Z. ALSAIDI, is the sole proprietor of the Plaintiff, AMIGOS GROCERY AND CANDY STORE CORP., in which he has invested his life saving to renovate this store premises with the installation of new furnishings, fixtures, signage and equipment necessary for the operation of a retail grocery/convenience store.

5. After establishing this business, on or about July 1, 2015 the Plaintiffs submitted an application, in July, 2015, to the United States Department of Agriculture, Food and Nutrition Service for authorization to participate as a retail owner in the Food Stamp Program/Supplemental Nutrition Assistance Program. The Plaintiff's application was approved by the Defendants in August, 2015. Prior to the incidents that gave rise to this proceeding, the Plaintiffs' performance and record in the Food Stamp Program, Supplemental Nutrition Assistance Program has been exemplary and unblemished.

6. By letter of charges, dated September 23, 2019 the Defendants informed the Plaintiffs that they were charged with violating Section 278.2(a) of Supplemental Nutrition Assistance Program (SNAP) regulations as a result of accepting Supplemental Nutrition Assistance Program Benefits in exchange for merchandise, which, in addition to eligible foods, include common non-food items on three (3) separate occasions, annexed hereto as Exhibit "A".

7. The Defendant's attached Investigative Transaction Reports to said letter indicating that on those three (3) occasions, April 27, 2019, April 28, 2019 and May 6, 2019 ineligible items had been sold, and as a result, the Plaintiffs' business was being considered for disqualification from the Supplemental Nutrition Assistance Program for a period of six (6) months, or the imposition of a civil money penalty, if applicable, in lieu of the disqualification, said Investigative Transaction Reports are annexed hereto as Exhibit "B".

8. In response to the Defendant's letter of charges, Plaintiff, through his attorney,

submitted a timely responses on September 26, 2019 and October 1, 2019, refuting the allegations of violations of the SNAP, requesting information pursuant to a FOIA demand contained therein, stating that the store would suffer economically if disqualified for six (6) months and requesting the imposition of a Civil Money Penalty (CMP) in lieu of the six (6) month SNAP disqualification.

9. By letter dated August 10, 2020, Fredrick Conn, the Section Chief, Retailer Operations Division of the USDA, Food and Nutrition Service, Supplemental Nutrition Assistance Program, issued a determination that the Plaintiffs should be disqualified from participation in the Supplemental Nutrition Assistance Program for a period of six (6) months as a result of the violations set forth in the letter of charges and Transaction Reports and denied Plaintiff's request for the imposition of a civil money penalty in lieu of the disqualification, copy of said letter is annexed hereto as Exhibit "C".

10. By letter dated August 18, 2021, Plaintiffs through their attorney, requested an Administrative Review of the Retailer Operations Division's determination to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program for a period of six (6) months and again requested the imposition of a civil money penalty in lieu of the disqualification.

11. The Defendants have now rendered a decision to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program for a period of six (6) months as a result of alleged sales of ineligible items in exchange for Electronic Benefit Transfer Food Benefits as contained in a Final Agency Decision letter dated and delivered on November 8, 2021, wherein they refused to impose civil money penalty (CMP) in lieu of the disqualification, a copy of which is annexed to the Complaint in this action

as Exhibit "D".

12. That subsequent to each letter or decision a response or request for review was timely taken by the Plaintiffs within the Defendants' administrative framework, and the result of these appeals or reviews was to ultimately sustain and uphold the Defendants' decision to disqualify the Plaintiffs from participating in the Supplemental Assistance Program for a period of six (6) months.

13. Such determination has been made without the Plaintiffs having been afforded the opportunity to confront and examine witnesses, review unredacted information in the Defendant's reports and the investigations and documents concerning same, and receive a complete and unredacted documents pursuant to Plaintiffs' demand for same under a Freedom Of Information Act request, so they would be furnished all discovery material that form the basis of the charges lodged against said Plaintiffs so they may adequately defend themselves.

14. This is a suit for judicial review of the determination and decision of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, in accordance with the provisions of Title 7 United States Code §2023 and CFR §279.7 of the Regulations of the United States Department of Agriculture, Food and Nutrition Service pertaining to the Supplemental Nutrition Assistance Program.

15. The Plaintiffs have at all times and continue to deny the allegations contained in the letter of charges categorically denying each and every charge or violation set forth by the Defendants which constitute the grounds for the Plaintiffs disqualification as participants in the Supplemental Nutrition Assistance Program for a period of six (6) months as described in the letter of charges and Transaction Reports.

16. The Defendants' decision to disqualify the Plaintiffs from participation in the

Supplemental Nutrition Assistance Program is arbitrary and capricious and without merit for the following reasons:

(a) The failure of the Defendant's Investigators to obtain a positive identification during the three (3) instances wherein clerk(s) at this owner's store are alleged to have sold the ineligible items and where the Plaintiff denies that such a person as identified in the Transaction Reports annexed hereto as Exhibits "B", "C" and "D", worked in the store on the dates and times in question.

(b) The fact that all of the so-called ineligible items allegedly sold were inexpensive regular household items, based on and contained in the notations in the Investigative Transaction Report, annexed hereto as Exhibits "B", "C" and "D"

(c) The failure to provide the time spent in the store on each investigative visit, namely the time of entry and departure, deprives the Plaintiffs of the opportunity to consider whether the investigation was conducted for a sufficient period of time to be complete and thorough.

(d) The Plaintiffs have not been afforded an opportunity to confront and examine witnesses, particularly the Defendants' Investigators who investigated this business and charged Plaintiffs with the violations of the Supplemental Nutrition Assistance Program Regulations.

(e) The failure to provide timely notice of evidence of violations where the complained acts occurred more than one year prior to the letter of charges being delivered to Plaintiffs.

17. In addition, The Defendants have failed to consider the following factors and evidence in their decision:

(a) The Plaintiff's unblemished record as an owner participating in the Supplemental Nutrition Assistance Program since 2015.

(b) The sanction of disqualification from participation in the Supplemental Nutrition

Assistance Program for six (6) months is excessive under the circumstances herein, if, in fact, the charges lodged against the Plaintiffs are sustained.

(c) That according to Defendant's own records, common ineligible non-food items were sold only three (3) times over an eleven (11) day period and were of negligible value and negligible profit.

(d). That on April 26, 2019, the FNS Contractor attempted to purchase a common ineligible non-food item, to wit, one (1) Bottle of Cleaner, "the clerk removed the non-food item and stated that it could not be purchased using SNAP benefits." Even after being refused, the Investigator "asked the clerk to put the non-food item on the EBT card and the clerk said no."

(e) Thereafter, on May 6, 2019 the FNS Investigator "attempted to acquire cash for SNAP benefits and the clerk said no rejecting any attempt to engage in "trafficking."

(f). At the same time the FNS Investigator then "has a conversation with the clerk regarding their low inventory on various items and obtaining cash from his EBT card in exchange of purchasing goods for the store. The clerk shook he head no" again rejecting the entrapment of engaging in "trafficking."

18. It is submitted that the redactions in the Transaction Reports and Defendant's failure to reveal the entry and departure time is designed to avoid the necessary disclosure of the period of the time the investigator spent in the store, and the true identification of the clerk since the store records would reveal who was working at the time each investigation was conducted.

19. Additionally, it is also submitted that the allegations contained in the Investigation Transaction Reports are incredible and untrustworthy where one (1) FNS "Investigator" attempted to entrap the employees of this firm into selling various common ineligible non-food items and in exchanging Food Stamps for cash and was refused, wherein the clerk actually

refused to violate the SNAP regulations to benefit the undercover FNS Investigators.

20. Where the nature and total cost of the alleged common ineligible non-food items purchased are as follows:

(1) On 4/27/2019, one (1) Box of "Sunset" Heavy Weight Casual Premium Cutlery Forks (24 ct), no price indicated.

(2) On 4/28/2019, one (1) Box of "Sunset" Heavy Weight Casual Premium Cutlery Forks (24 ct), no price indicated and one (1) Box of "Sunset" Heavy Weight Casual Premium Cutlery Spoons (24 ct), no price indicated.

(3) On 5/06/2019, one (1) Box of "Sunset" Heavy Weight Casual Premium Cutlery Forks (24 ct), no price indicated and one (1) Box of "Sunset" Heavy Weight Casual Premium Cutlery Spoons (24 ct), no price indicated.

and are of such an insignificant amounts and where on some items no prices are even indicated, so that it is unknown as to whether these items were actually sold or given away, the penalty is excessive.

21. Furthermore, it is inconceivable and unreasonable to believe that this owner would jeopardize a solvent and successful business and the source of his livelihood for the meager sum earned by the sale of these ineligible items.

22. It is further alleged that the Defendant by targeting this particular clerks of Arabic backgrounds with limited knowledge of English, is patently prejudicial.

23. That to disqualify this owner for a six (6) month period, merely due to alleged "carelessness and poor supervision", if it even occurred, will result in irreparable injury and damage to this Plaintiffs if this disqualification is imposed.

24. The Defendants' decision to disqualify the Plaintiffs from the Supplemental Nutrition

Assistance Program is arbitrary and capricious and is in violation of the Defendants' own Regulations.

25. The Plaintiffs have exhausted all administrative remedies herein.

WHEREFORE, the Plaintiffs' respectfully requests this Court to review and set aside the decision and determination of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE to disqualify this Plaintiff from the Supplemental Nutrition Assistance Program for six (6) months and for such other and further relief as to this Court may be just and proper.

Dated: New York, New York
       November 18, 2021

JESS M. BERKOWITZ (JMB3316)
Attorney for Plaintiffs
Office & P.O. Address
401 Broadway, Room 806
New York, New York 10013
(917) 733-7701