

**United States Department of Agriculture**

Food and Nutrition Service

Administrative Review Branch Room 5042

1320 Braddock Place

Alexandria, VA 22314-1649

Phone: (703) 305-2817

Lorie.Conneen@usda.gov

November 8, 2021

Mohamed Alsaidi, Member
Loyal Business Services LLC
878 4th Ave
Brooklyn, NY 11217

RE:    Mohamed Z Alsaidi
        Amigos Grocery And Candy Store Corp
        760 Allerton Ave
        Bronx, NY 10467-8819
        Case Number C0221511

Dear Counselor:

Enclosed is the Final Agency Decision of the U.S. Department of Agriculture (USDA), Food and Nutrition Service (FNS), in response to your request for administrative review postmarked August 18, 2021, filed on behalf of Amigos Grocery And Candy Store Corp and its owner of record, Mohamed Z. Alsaidi.  Also included therein is a statement regarding relevant rights to a judicial review.

It is the decision of the USDA that there is sufficient evidence to support a finding that a six month disqualification from participating as an authorized retailer in the Supplemental Nutrition Assistance Program was properly imposed against Amigos Grocery And Candy Store Corp by the Retailer Operations Division of FNS.

Sincerely,

LORIE L. CONNEEN
Administrative Review Officer

Enclosure – Final Agency Decision

U.S. Department of Agriculture
Food and Nutrition Service
Administrative Review Branch

**Amigos Grocery And Candy Store Corp,**

**Appellant,**

v.

**Retailer Operations Division,**

**Respondent.**

Case Number: C0221511

### FINAL AGENCY DECISION

It is the decision of the U.S. Department of Agriculture (USDA), Food and Nutrition Service (FNS), that there is sufficient evidence to support a finding that a six month disqualification from participating as an authorized retailer in the Supplemental Nutrition Assistance Program (SNAP) was properly imposed against Amigos Grocery And Candy Store Corp (hereinafter "Amigos Grocery And Candy Store Corp" or "Appellant") by the Retailer Operations Division of FNS.

### ISSUE

The issue accepted for review is whether the Retailer Operations Division took appropriate action, consistent with Title 7 Code of Federal Regulations (CFR) Part 278 in its administration of the SNAP, when it imposed a six month period of disqualification against Amigos Grocery And Candy Store Corp.

### AUTHORITY

7 U.S.C. § 2023 and its implementing regulations at 7 CFR § 279.1 provide that "[A] food retailer or wholesale food concern aggrieved by administrative action under § 278.1, § 278.6 or § 278.7 . . . may file a written request for review of the administrative action with FNS.

### CASE CHRONOLOGY

The Department of Agriculture conducted an investigation of the compliance of Amigos Grocery And Candy Store Corp with Federal SNAP law and regulations during the period April 26, 2019 through May 6, 2019.  In a letter dated September 23, 2019, the Retailer Operations Division charged the Appellant with accepting SNAP benefits in exchange for merchandise which included ineligible nonfood items in violation of 7 CFR § 278.2(a).  These SNAP violations occurred on three out of four compliance visits.  The letter further informed the Appellant that the violations warranted a disqualification period of six months as provided in 7 CFR § 278.6(e)(5).  The letter also stated that

under certain conditions, FNS may impose a hardship civil money penalty (CMP) in lieu of a disqualification as provided in 7 CFR § 278.6(f)(1).

The charge letter noted that per SNAP regulations Section 278.6(b), the Appellant has the right to present any information, explanation or evidence regarding the charges and must reply within 10 calendar days of the date of receipt of the charge letter. Per UPS confirmation of delivery, the charge letter was delivered to the Appellant at the store address of record on September 25, 2019.

In responses to the Retailer Operations Division of September 26, 2019 and October 1, 2019, the Appellant, through counsel, responded to the letter of charges. The record reflects that the Retailer Operations Division received and considered the information provided prior to making a determination.

The record reflects that via telephone conversation of October 1, 2019, the Appellant's counsel requested an extension in time for providing a response to the letter of charges. Via letter dated October 1, 2019, the Retailer Operations Division granted counsel's time extension request to October 24, 2019.

The record indicates that in a letter received on October 24, 2019, the Appellant's counsel requested information and documents from FNS with regard to the agency's case against Amigos Grocery And Candy Store Corp pursuant to the Freedom of Information Act (FOIA). In a letter dated November 5, 2019, FNS provided the Appellant's counsel with a response to the initial FOIA request. The Appellant's counsel appealed the FOIA request in a letter received on February 3, 2020. In a letter dated April 14, 2021, FNS provided the Appellant's counsel with a response to the FOIA appeal. On July 26, 2021, the Retailer Operations Division sent a 10 day letter to counsel providing the opportunity to respond to the letter of charges. No additional information or response was provided by the Appellant or counsel.

After considering the Appellant's responses and the evidence of this case, the Retailer Operations Division issued a determination letter dated August 10, 2021. The determination letter informed the Appellant that the firm was disqualified from the SNAP for a period of six months in accordance with 7 CFR § 278.6(a) and (e). The determination letter also stated that the Retailer Operations Division considered the Appellant's eligibility for a hardship civil money penalty under 7 CFR § 278.6(f)(1). The Retailer Operations Division determined that the Appellant was not eligible for the hardship CMP in lieu of the six month disqualification because there were other authorized retail stores in the area selling as large a variety of staple foods at comparable prices.

In a letter postmarked August 18, 2021, the Appellant, through counsel, appealed the Retailer Operations Division's assessment and requested an administrative review of this action. FNS granted the Appellant's request for administrative review by letter dated September 15, 2021. Upon acceptance of the administrative review request, implementation of the six month disqualification was held in abeyance pending completion of this review.

## STANDARD OF REVIEW

In appeals of adverse actions, the Appellant bears the burden of proving by a preponderance of the evidence, that the administrative actions should be reversed. That means the Appellant has the burden of providing relevant evidence which a reasonable mind, considering the record as a whole,

might accept as sufficient to support a conclusion that the matter asserted is more likely to be true than not true.

## CONTROLLING LAW AND REGULATIONS

The controlling statute in this matter is contained in the Food and Nutrition Act of 2008, as amended, 7 U.S.C. § 2021, and promulgated through regulations under Title 7 CFR Part 278.  In particular, 7 CFR § 278.6(a) and (e) establish the authority upon which a disqualification may be imposed against a retail food store or wholesale food concern.

7 CFR § 278.2(a) states, inter alia:

> Coupons may be accepted by an authorized retail food store only from eligible households . . . only in exchange for eligible food.

7 CFR § 271.2 states, inter alia:

> Eligible foods means:  Any food or food product intended for human consumption except alcoholic beverages, tobacco and hot food and hot food products prepared for immediate consumption.

7 CFR § 278.6(a) states, inter alia:

> FNS may disqualify any authorized retail food store . . . if the firm fails to comply with the Food and Nutrition Act of 2008, as amended, or this part.  Such disqualification shall result from a finding of a violation on the basis of evidence that may include facts established through on-site investigations.

7 CFR § 278.6(e)(5) states, inter alia:

> Disqualify the firm for 6 months if it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed violations such as, but not limited to, the sale of common nonfood items due to carelessness or poor supervision by the firm's ownership or management.

7 CFR § 278.6(f)(1) states, inter alia:

> FNS may impose a civil money penalty as a sanction in lieu of disqualification when . . . the firm's disqualification would cause hardship to Food Stamp [SNAP] households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices.

## SUMMARY OF THE CHARGES

During an investigation conducted from April 26, 2019 through May 6, 2019, USDA conducted four compliance visits at Amigos Grocery And Candy Store Corp.  A report of the investigation was provided to the Appellant as an attachment to the charge letter dated September 23, 2019.  The investigation report included Exhibits A through D which provide full details on the results of each compliance visit.  The investigation report documents that SNAP violations were recorded during

three of the four compliance visits and involved the sale of a variety of items best described in regulatory terms as "common nonfood items". The misuse of SNAP benefits noted in Exhibits B, C, and D warrant a disqualification as a SNAP retail food store for a period of six months. The exchange of these ineligible items for SNAP benefits is in violation of 7 CFR § 278.2(a).

## APPELLANT'S CONTENTIONS

The following represents a brief summary of the Appellant's contentions in this matter. Please be assured, however, that in reaching a decision, full attention and consideration was given to all contentions presented, including any not specifically recapitulated or specifically referenced herein.

In the replies to the charge letter and in the administrative review request, the Appellant, through counsel, stated the following summarized contentions, in relevant part:

- The owner denies all charges.
- There are many instances where the data reported does not match the data pertaining to the Appellant.
- Some of the investigation report data is not truthful.
- The Appellant did not intentionally conduct the sales of ineligible nonfood items with SNAP benefits.
- During the investigation, the owner was away as it is impossible for him to be at the store 24 hours a day.
- Almost daily, the owner turns away customers requesting to exchange ineligible items and cash for SNAP benefits.
- During the investigation, the employee in Exhibit A refused to allow the investigator to purchase an ineligible nonfood item with SNAP benefits and the employee in Exhibit D refused the exchange of SNAP benefits for cash.
- All employees are well trained on a monthly basis on the SNAP rules using videos and materials from the FNS website. Employees are asked to read through the SNAP refresher training materials on-line.
- The Appellant was unfairly treated especially since the firm has been in business for a long time and this is its first offense.
- The Appellant requests the imposition of a civil money penalty in lieu of a six month SNAP disqualification.

## ANALYSIS AND FINDINGS

### SNAP Violations

This review is to either validate or to invalidate the determination made by the Retailer Operations Division; it is limited to the facts at the basis of the Retailer Operations Division's determination at the time it was made.

The owner contends that the firm did not intentionally conduct the sales of ineligible nonfood items with SNAP benefits. During the investigation, the owner was away as it is impossible for him to be at the store 24 hours a day.

However, when store ownership signed the certification page of the SNAP retailer authorization application to become a SNAP retailer, it confirmed it understood and agreed to abide by program rules and regulatory provisions.  It also agreed to accept responsibility on behalf of the firm for SNAP violations including those committed by any of the firm's employees, paid or unpaid, new, full-time or part-time.  The certification is clear that store ownership understood by signing the document that violations of program rules can result in administrative actions such as fines, sanctions, withdrawal, or disqualification from the SNAP.

Regardless of who the store owner utilizes to handle store business, ownership is accountable for the proper handling of SNAP benefit transactions.  The regulations establish that an authorized food store may be disqualified from participating in the program when the store fails to comply with the Act or regulations because of the wrongful conduct of an owner, manager, or someone acting on their behalf.

The owner denies all charges.  There are many instances where the data reported does not match the data pertaining to the Appellant.  However, the transactions cited in the letter of charges were conducted by a USDA investigator and are thoroughly documented.  A complete review of this documentation has yielded no known error or discrepancy.  The investigation report is specific and thorough with regard to the dates of the violations, the specific facts related thereto, and is supported by documentation that confirms specific details of the transactions.

While the Appellant is correct in that the employee in Exhibit A refused to allow the investigator to purchase an ineligible nonfood item with SNAP benefits and the employee in Exhibit D refused the exchange of SNAP benefits for cash, the FNS investigative report shows that two employees working at the Appellant firm accepted SNAP benefits for ineligible nonfood items on three separate occasions during the investigative period indicating an ongoing pattern of SNAP violations as defined by Section 271.2 of the SNAP regulations.  The investigation report documents by a preponderance of the evidence that the store employees engaged in the misuse of SNAP benefits noted in Exhibits B, C, and D warranting a disqualification as a SNAP retail food store for a period of six months.

Neither the Food and Nutrition Act of 2008, as amended, nor the regulations issued pursuant thereto cite any minimum dollar amount of SNAP benefits for transactions involving the sale of ineligible items to be defined as violative.  No mention of minimum cost or types of ineligibles is cited in Section 278.6(e)(5) of the SNAP regulations, which states that FNS shall disqualify a store for six months if it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed violations such as, but not limited to, the sale of common nonfood items in exchange for SNAP benefits due to carelessness by store employees or poor supervision by the firm's ownership or management.

The owner contends that all employees are well trained on a monthly basis on the SNAP rules using videos and materials from the FNS website.  Employees are asked to read through the SNAP refresher training materials on-line.

However, had an effective compliance policy and program been in effect at the firm, it is unlikely that the employees would have made such obvious mistakes.  The more likely explanation is that store ownership and/or management failed to properly train and subsequently supervise the employees.  Additionally, had store ownership and/or management been supervising the employees through occasionally monitoring them using videotape, if available, or in person, it would have

readily noticed that they were allowing the sale of ineligible nonfood items in exchange for SNAP benefits.

It also would have been immediately evident to store ownership and/or management that the employees were deficient in their knowledge of SNAP rules and regulations had it periodically spot checked the employees' knowledge and abilities by asking questions about SNAP eligible/ineligible items.  Either of these basic supervisory techniques would have provided a no cost method for store ownership and/or management to ensure that store employees were not putting the firm's SNAP authorization at risk.

These are clear signs of poor or no supervision by store ownership and/or management.  It is highly improbable, based on the willingness of the employees to exchange SNAP benefits for ineligible nonfood items, that the only instances of SNAP violations were those transactions identified as part of the FNS undercover investigation.  These actions more likely than not represent an ongoing pattern of SNAP violations at the Appellant firm.  Under SNAP regulations, the penalty for allowing the purchase of ineligible nonfood items using SNAP benefits as the result of poor supervision by ownership or management is a six month disqualification.  The regulations do allow SNAP retailers to pay a hardship CMP, if eligible, as explained in the next section.

While the Appellant is correct in that the firm has not been cited for prior SNAP violations, a record of participation in the SNAP with no previously documented instance of violations does not constitute valid grounds for dismissal of the current charges of violations or for mitigating the impact of those charges.

In appeals of adverse actions, the Appellant bears the burden of proving by a preponderance of the evidence, that the administrative actions should be reversed.  That means the Appellant has the burden of providing relevant evidence which a reasonable mind, considering the record as a whole, might accept as sufficient to support a conclusion that the matter asserted is more likely to be true than not true.  The Appellant did not provide any evidence that the violations cited in the charge letter did not occur.

Based on this discussion, the decision by the Retailer Operations Division to disqualify the firm for a six month period was the appropriate penalty and there is no valid basis for dismissing the charges or for mitigating the penalty imposed.

## CIVIL MONEY PENALTY

The Appellant requests the imposition of a civil money penalty in lieu of a six month SNAP disqualification.

The Retailer Operations Division determined that the Appellant was not eligible for a hardship civil money penalty (CMP) under 7 CFR § 278.6(f)(1).  That regulation reads, in part, "FNS may impose a civil money penalty as a sanction in lieu of disqualification when . . . the firm's disqualification would cause hardship to [SNAP] households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices." [Emphasis added]. Please note that internal FNS policy memoranda clarifies the regulation by defining "in the area" to mean within a one (1.0) mile radius for an urban store such as Amigos Grocery And Candy Store Corp.

The case record documents that the Retailer Operations Division determined that the six month disqualification of Amigos Grocery And Candy Store Corp would not cause a hardship to SNAP households as there are other comparable or larger SNAP authorized stores located within a one mile radius of the Appellant firm.  Amigos Grocery And Candy Store Corp is classified by FNS as a convenience store that does not carry any specialty or ethnic foods that cannot be found at other area authorized stores.  Agency mapping systems document that there are 152 SNAP authorized stores located within a 1.0 mile radius of the Appellant firm, including 4 super stores and 11 supermarkets.

Based on the evidence, the disqualification of Amigos Grocery And Candy Store Corp would not cause a hardship to SNAP recipients in the area, as opposed to a mere inconvenience; therefore, the Retailer Operations Division's decision not to assess a hardship CMP in lieu of a six month disqualification is sustained as appropriate under 7 CFR § 278.6(f)(1).

## CONCLUSION

It is therefore established that the violations as described in the letter of charges did in fact occur at Amigos Grocery And Candy Store Corp warranting a disqualification of six months in accordance with 7 CFR § 278.6(e)(5).  That regulation states that FNS shall "disqualify the firm for 6 months if it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed violations such as, but not limited to, the sale of common nonfood items due to carelessness or poor supervision by the firm's ownership or management".  Therefore, the decision to impose a six month disqualification, the least severe penalty allowed by regulation, against Amigos Grocery And Candy Store Corp, the Appellant firm, is appropriate and the action is sustained.

In accordance with the Food and Nutrition Act of 2008 and the regulations there under, the six month period of disqualification shall become effective thirty (30) days after receipt of this letter.  A new application for participation may be submitted by the firm ten (10) days prior to the expiration of this six month period.

**RIGHTS AND REMEDIES**

Your attention is called to Section 14 of the Food and Nutrition Act (7 U.S.C. 2023) and to Section 279.7 of the Regulations (7 CFR § 279.7) with respect to your right to a judicial review of this determination.  Please note that if a judicial review is desired, the Complaint, naming the United States as the defendant, must be filed in the U.S. District Court for the district in which you reside or are engaged in business, or in any court of record of the State having competent jurisdiction.  If any Complaint is filed, it must be filed within thirty (30) days of receipt of this Decision.

Under the Freedom of Information Act, FNS is releasing this information in a redacted format as appropriate.  FNS will protect, to the extent provided by law, personal information that could constitute an unwarranted invasion of privacy.


LORIE L. CONNEEN                                                                                   November 8, 2021
ADMINISTRATIVE REVIEW OFFICER